IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 12-Cr-30180-DRH |
| JOHN E. ARNOLD, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM ORDER

**HERNDON, District Judge**:

On February 1, 2013, the Court sentenced Arnold to 151 months imprisonment and the Clerk of Court entered Judgment reflecting the same. [Doc. 30]. On April 8, 2016, Arnold filed a motion for sentence modification pursuant to U.S.S.G. Amendment 782. [Doc. 34]. The Court appointed counsel to represent Arnold on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, (doc. 35) and counsel on May 24, 2017 moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to Amendment 782. [Do. 37]. *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Arnold to respond to counsel's motion to withdraw, which he has not. Defendant's response, if he cared to make one, was due July 1, 2017.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The Court finds that Arnold is not entitled to a reduction of his sentence as Amendment 782 is not applicable to his case. Amendment 782 provides a two level reduction to defendants who were sentenced based on drug quantities; it does not provide a reduction for defendants who were sentenced under a different guideline. Arnold was sentenced as a "career offender" under United States Sentencing Guidelines Section 4B1.1. *See* doc. 26, ¶ 23. The Sentencing Commission did not lower the applicable guideline sentencing range in Arnold's case.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (doc. 37) and **DENIES** defendant's motion for sentence reduction (doc. 34).

**IT IS SO ORDERED.**

Judge Herndon
2018.01.23
13:29:07 -06'00'

United States District Court